UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| STEPHANIE Y. LOCK, an individual; | No. 2:16-cv-01395-JPD |
| Plaintiff, | **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE *OLYMPIC STEAMSHIP* FEES AND EXTRA CONTRACTUAL CLAIMS** |
| v. | |
| AMERICAN FAMILY INSURANCE COMPANY, a Foreign Corporation, doing business in Washington, | **NOTE ON MOTION CALENDAR: OCTOBER 14, 2016** |
| Defendant. | |

## I.  INTRODUCTION AND RELIEF REQUESTED

COMES NOW, Defendant American Family Insurance Company (hereinafter "American Family") by and through its counsel of record, and respectfully submits the following Motion for Summary Judgment re *Olympic Steamship* Fees and Extra Contractual Claims.

## II.  RELIEF REQUESTED

American Family respectfully requests that this Court rule that Plaintiff is not entitled to any *Olympic Steamship* fees because there has been no denial of coverage for her UIM claims. Rather, there was a dispute over the value of the claims after American Family accepted

coverage. Specifically, American Family investigated Plaintiff's claimed injuries and made payments under the Plaintiff's PIP policy. American Family investigated Plaintiff's UIM claim, and attempted to settle Plaintiff's claims, but Plaintiff disputed the damages to which she was entitled. As a result, *Olympic Steamship* fees cannot be awarded.

In addition, American Family respectfully requests that this Court rule as a matter of law that Plaintiff's extra contractual claims are not supported by the evidence and must be dismissed with prejudice. American Family was wholly reasonable in investigating and adjusting Plaintiff's claims, covered her medical costs until both her treatment providers and an IME examiner concluded she had fully recovered from the accident, and was reasonable in handling her UIM claim. Plaintiff also can identify no damages sustained as a result of alleged extra-contractual claims. Further, Plaintiff's IFCA claim should be dismissed due to her failure to comply with mandatory statutory notice requirements.

## III. FACTS

This lawsuit arises out of a dispute over the value of Plaintiff Lock's claim for Underinsured Motorist ("UIM") benefits against American Family. Plaintiff has not brought a claim for wrongful denial of Personal Injury Protection ("PIP") benefits; however, the underlying handling of Plaintiff's PIP claim was reasonable and informs as to the proper handling of her UIM claim. *See* Dkt. 1-3, Amended Complaint.

**A. The Underlying Car Accident on February 22, 2013.**

American Family is not disputing liability of the tortfeasor in the instant matter. At the time of the February 22, 2013, motor vehicle accident, Ms. Lock's parents had purchased a policy of insurance through American Family for their 1993 Toyota Camry, which Ms. Lock

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** – 2
K:\FILES\Lock v American Family 15284\MSJ (USDC) - Motion.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington 98121
(206) 622-0494/Fax (206) 587-2476

was driving at the time.  Ex. A.[1]  The motor vehicle accident was found to be caused by uninsured driver Aboubacar Drammeh, who was cited for inattention and lack of insurance. Ex. B.  American Family determined Mr. Drammeh to be 100% at fault for the accident.[2]  Ex. A; Ex. D at 20 (showing 100% liability determination as to Mr. Drammeh).  As such, liability is not in dispute.

**B.    American Family's Reasonable Investigation of Plaintiff's Claims.**

**1.    PIP Coverage and 2014 IME by Dr. Dennis K.H. Chong**

On February 23, 2013, Ms. Lock notified American Family of her loss.  Ex. C.  Ms. Lock complained of bumps and bruises to her face due to her airbag's deployment, and soreness on her left side caused by her seatbelt.  Ex. C.  Ms. Lock had undergone a CT Scan and Xrays and had no broken bones.  Ex. C.  As discussed below, Ms. Lock treated for approximately eleven months before submitting to an Independent Medical Examination (IME) at American Family's request.

American Family received Ms. Lock's completed application for PIP coverage on April 30, 2013.  Ex. D (claim notes) at 21; Ex. E (April 16, 2016, PIP Application).  Treatments were thus covered by American Family through personal injury protection ("PIP") coverage. Importantly, however, Plaintiff has not brought a claim for PIP benefits.  This is presumably because, as discussed below, her own treating physician, Dr. Mayneo, and IME physician, Dr. Chong, as well as her physical and massage therapists all agree that Plaintiff had attained maximum medical improvement as of January 2014.

---

[1] Unless otherwise indicated, all exhibits cited herein are attached to the Declaration of Christopher Roslaniec in Support of Motion for Summary Judgment.

[2] The record reveals that there was some confusion with prior counsel for American Family regarding the identity of the tortfeasor here, but this is inconsequential as American Family never denied UIM coverage, the tortfeasor's liability, or that the tortfeasor lacked insurance.

On December 18, 2013, Ms. Lock was released from physical therapy. Ex. F. On January 20, 2014, Ms. Lock ceased massage therapy, stating that "she feels like she has recovered well." Ex. G. During a visit with Dr. Mayneo on May 12, 2014, she reported that she had in fact recovered from the February 22, 2013, accident as of the date of her January 14, 2014 IME:

> Stephanie states that she was feeling much better in late December. Physical therapy was discontinued in late January and since early February she has felt well with no stiffness or pain in the neck or back.
> …
> Will close her claim from her MVA dated 2/22/13 in view of her subjective clinical course with pain and spasm complaints which had resolved as of earlier this year, her discharge from physical therapy and her self-reported IME that was negative. She is in agreement with this plan. She will discuss this with her lawyer.

Ex. H.

On January 14, 2014, Ms. Lock participated in an IME with Dr. Chong, pursuant to the American Family policy of insurance. Ex. I. Dr. Chong found that her injuries were related to the accident, but that chiropractic treatments after three months post-accident were not medically necessary:

> Incurred treatment has been related, although duration of treatment has been extensive and the attorney referral to the specific chiropractor with chiropractic adjustments resulted in iatrogenic increase in neck pain and was not medically necessary.
> …
> Manual therapies beyond three months and the attorney recommended chiropractic adjustments were not appropriate or medically necessary.

Ex. I at 8. Dr. Chong went on to note that, as of the date of the IME, "No additional treatment is medically necessary" and "Ms. Lock is medically stationary." Ex. I at 9. Significantly, Dr. Chong's findings that Ms. Lock was medically stationary with regard to the February 22, 2013,

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** – 4
K:\FILES\Lock v American Family 15284\MSJ (USDC) - Motion.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington 98121
(206) 622-0494/Fax (206) 587-2476

accident comports with the medical records of her physician Dr. Mayneo as well as her physical and massage therapists.

Therefore, after receiving the IME report, American Family issued a letter to Ms. Lock dated January 20, 2014 indicating the findings, and advising that PIP benefits would be discontinued following the January 14, 2014 IME, based on Dr. Chong's report. Ex. J. However, as discussed above, Ms. Lock had been released from all treatment pertaining to the accident in question as of January 20, 2014, before she could have known of American Family's January 20, 2014, letter.

Ms. Lock was then involved in an additional motor vehicle accident on March 4, 2014, and her medical records indicate that she complained of pain in her neck, mid and lower back, and right arm following this accident. Ex. K. Further, Ms. Lock reported that she had been doing "very well" in relation to the accident that forms the basis of this lawsuit for at least two months preceding this March 4, 2014, MVA. Ex. K. Thus, Ms. Lock's own reports to her physician confirm that she was medically stable relating to the accident the subject of this lawsuit as of January 2014.

### 2. UIM Claim

On or about July 1, 2013, Ms. Lock requested a UIM claim be opened with American Family. Ex. L. Plaintiff admits that the claim was accepted and that American Family made offers to settle the matter. Ex. M at 4 (offers of $5000 on December 4, 2014, and $7,500 on December 15, 2016).

### C. Commencement of Litigation

Plaintiff initially filed this matter as a UIM dispute with no claims of bad faith, IFCA violation or CPA violation on March 5, 2015. Ex. N (King County Superior Court Docket for

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** – 5
K:\FILES\Lock v American Family 15284\MSJ (USDC) - Motion.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington 98121
(206) 622-0494/Fax (206) 587-2476

this matter). On November 23, 2015, Ms. Lock filed her Insurance Fair Conduct Act notice, advising that Ms. Lock was threatening to sue American Family for violation of the Insurance Fair Conduct Act. Ex. O (Office of Insurance Commissioner List of IFCA Notices).[3] Thereafter, Plaintiff filed her amended complaint on November 30, 2015, alleging bad faith, CPA violation, and IFCA violation. *See* Dkt. 1-3, Amended Complaint and Ex. N.

### 1. American Family's Actions are Further Supported by Dr. Johnson's Report and Opinion

Once suit was filed, American Family retained Dr. Paul Johnson to conduct an additional medical records review regarding Plaintiff's treatment, and generate a report regarding his opinions and findings. Ex. P. Dr. Johnson, consistent with all other medical providers, and with Dr. Chong's IME report, opined that Ms. Lock was medically stable and needed no further treatment as of January 2014:

> Upon review of all records provided, it is my medical opinion that Stephenie Lock, subsequent to the motor vehicle accident of February 22, 2013, suffered mild soft tissue injuries to the cervical, thoracic, and lumbosacral regions of her back, in addition to abrasion injuries to the face.
> …
> Accordingly, the injuries Stephenie Lock sustained subsequent to the motor vehicle injury would be expected to resolve with supportive/conservative management in the course of approximately 6 to 8 weeks. Appropriate management would include use of non steroidal anti-inflammatory medications, a brief duration of muscle relaxants, and possibly narcotic pain medications, and could be reasonably supplemented with some measure of physical therapy or, potentially, chiropractic care.

Ex. P at 43. Thus, Dr. Johnson's opinion is that Ms. Lock should have been expected to be medically stable well in advance of January 2014, and that her treatment, which had been

---

[3] The list of IFCA notices filed with the Office of the Insurance Commissioner is available at: https://www.insurance.wa.gov/laws-rules/insurance-fair-conduct-act/file-a-notice/documents/2007-2015-notices-of-potential-lawsuits.pdf. (last accessed August 22, 2016).

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington  98121
(206) 622-0494/Fax (206) 587-2476

covered by American Family, was excessive. Ex. P at 43. Dr. Johnson further opined that Ms.

Lock's failure to attend consistent treatments caused her slower recovery:

> Stephanie Lock was unable to complete her initial round of treatment, with discontinuation of her physical therapy on July 8, 2013 at which point she was discharged for failure of attendance, for not having rescheduled any further appointments, and for not having returned phone calls from the physical therapy office to make those continuing arrangements. It would appear her final physical therapy session before it was cancelled by her therapists was on June 17, 2013. This lack of compliance with therapy is also felt to have played a role in the delay of symptom improvement.

Ex. P at 43. Finally, Dr. Johnson noted that Ms. Lock's medical records show a history of

stress and anxiety that contributed to both pre-accident back pain, in addition to slowing her

recovery:

> There is a well-documented relationship between stress and neck/back pain. Furthermore, Stephanie Lock's historical records demonstrate a history of lower back pain, which at the time was felt to be associated strongly with increased stress of her daily activities. It is therefore felt that the pain and discomfort that Stephanie Lock reported in excess of the reasonable timeframe for resolution of her symptoms noted above has a stronger relationship with an anxiety-based etiology, than with physical trauma.

Ex. P at 43. Accordingly, Ms. Lock showed the greatest improvement when her stress

decreased and she attended regular physical therapy. Thus, Dr. Johnson concluded that this

would "suggest a greater role of stress than of trauma in her symptomatology, and suggests that

with better adherence to her initial physical therapy she would have realized more rapid

improvement her symptoms." *Id*; see also Ex. Q (On April 9, 2013, Ms. Lock reported that

stress at work was causing her back pain, indicating: "She finds that she is almost feeling

overwhelmed and this increases her pain in her neck, upper back and low back.").

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** – 7
K:\FILES\Lock v American Family 15284\MSJ (USDC) - Motion.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington 98121
(206) 622-0494/Fax (206) 587-2476

**2.      Ms. Lock has presented no evidence of bad faith.**

After the Court compelled Ms. Lock's responses to discovery regarding extra-contractual damages, she provided such responses on April 19, 2016.   Plaintiff has not identified any damages resulting from alleged bad faith, rather she simply offers a damages figure with no stated basis, and which is not differentiated from general damages.  *See*, Ex. R (statement of damages);  Ex. M. (Responses to Defendant's Second Interrogatories and Requests for Production).   Again, it appears Plaintiff largely relies on Defendant's Answer as the basis for her bad faith allegations, but this cannot be the basis of a bad faith claim.  *See,* Ex. M.   Additionally, Ms. Lock herself had minimal interaction with American Family, and does not identify how she believes American Family might have acted in bad faith, only that she felt that the claims process was stressful.  *See* Ex. S at 13-15.

**3.      Ms. Lock has Identified No Basis for Claimed Extra-Contractual Damages.**

Ms. Lock was deposed pertaining to her extra-contractual claims on August 26, 2016, and could not identify any damages caused by her alleged extra-contractual claims against American Family.  Ms. Lock has not suffered any monetary loss as a result of any action by American Family:

> Q.  So you have not sustained out-of-pocket expenses resulting from
>       the actions of American Family?
> A.  Yes.
> Q.  Yes, you have had out-of-pocket expenses or, yes, you haven't
>       had?
> A.  Yes, I have not.

Ex. S at 38: 9-14.  Further, Ms. Lock can cite to no damages that could form the basis of a Consumer Protection Act Claim, which, as discussed below, requires damage to business or property:

COLE | WATHEN | LEID |  HALL, P.C.
303 Battery Street
Seattle, Washington  98121
(206) 622-0494/Fax (206) 587-2476

Q  Do you have a business?
A. No.
Q. Okay.  I assume you have personal property?
A. Can you -- can you elaborate?
Q. Very general question.  You own things, correct?
A. Yeah.
Q. Okay.  Has anything American Family has done in its handling of your claim regarding this accident caused any damage to any of your property? And I'm not talking about the initial car accident, because we know it messed up the car.  But other than that, have you had any damage to any of your property due to American Family's actions?
A. No.
Q. Have you suffered out-of-pocket expenses due to their actions?
A. No.

Ex. S at 35: 4-23.

## IV.  STATEMENT OF ISSUES

1)  Should this Court find Plaintiff is not entitled to any *Olympic Steamship* fees because there has been no denial of coverage relating to Plaintiff's UIM Claim?  **YES.**

2)  Should this Court find Plaintiff's Extra Contractual Claims are not supported by the evidence as a matter of law, and dismiss these claims with prejudice?  **YES.**

3)  Should this Court dismiss Plaintiff's IFCA Claim with prejudice for failure to comply with the statutory notice requirements?  **YES.**

## V.  EVIDENCE RELIED UPON

1.  Declaration of Christopher Roslaniec with attached exhibits;

2.  The record and pleadings on file herein.

## VI.  LEGAL ARGUMENT

### A.  Summary Judgment Standard

Summary judgment is appropriate when the pleadings, affidavits, depositions, and admissions indicate that no genuine issue of material fact exists and a party is entitled to

COLE | WATHEN | LEID |  HALL, P.C.
303 Battery Street
Seattle, Washington  98121
(206) 622-0494/Fax (206) 587-2476

judgment as a matter of law. *Young v. Key Pharmaceuticals*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). In a summary judgment motion, the moving party bears the initial burden of showing the absence of an issue of material fact. *See LaPlante v. State*, 85 Wn.2d 154, 158, 531 P.2d 299 (1975). Once the moving party meets this initial showing, the inquiry shifts to the party with the burden of proof at trial. *Young*, 112 Wn.2d at 225. The trial court should grant the motion for summary judgment if the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

As set forth in the facts above, American Family did not deny coverage for Ms. Lock's UIM claims. American Family accepted coverage, however a value dispute arose. Further, as set forth below in more detail, in order to prevail on a claim for *Olympic Steamship* fees, there must be a denial of coverage. As such, Plaintiff cannot meet her burden for *Olympic Steamship* fees, and summary judgment is appropriate.

Additionally, as outlined below, Plaintiff must show that American Family acted unreasonably in order to prevail on her extra contractual claims. Plaintiff cannot meet her burden because American Family was reasonable at all times during its investigation and determinations. American Family relied on the Plaintiff's medical records, her own treatment providers, and Dr. Chong's IME Report, in issuing its decision regarding PIP benefits. In fact, based on the IME results of Dr. Chong, and Dr. Johnson's medical records review, American Family covered substantially more medical treatment than Plaintiff was entitled to as a result of the accident in question.

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington 98121
(206) 622-0494/Fax (206) 587-2476

American Family made the determination that Ms. Lock had a UIM claim, and made settlement offers based on her injuries revealed through her medical records. Under Washington law, American Family's reasonableness is a complete defense to Plaintiff's extra contractual claims.

As a result, American Family is entitled to summary judgment regarding Plaintiff's extra contractual claims as a matter of law.

**B.** ***Olympic Steamship* is Entirely Inapplicable in the Instant Matter as Coverage was Never Denied.**

Washington courts have long held that attorney fees are not recoverable by the prevailing party as costs of litigation unless the recovery of such fees is permitted by contract, statute, or some recognized ground in equity. *McGreevy v. Or. Mut. Ins. Co.,* 128 Wn.2d 26, 904 P.2d 731 (1995) (overruled on other grounds by *Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co.*, 144 Wn.2d 130, 144, 26 P.3d 910, 917 (2001), (which stated "[t]o the extent McGreevy can be read to exclude necessary expenses from an award of reasonable attorney fees it is disapproved"). One such ground in equity was elucidated by the Washington Supreme Court in *Olympic S.S. Co. v. Centennial Ins. Co.,* 117 Wn.2d 37, 811 P.2d 673 (1991). The Washington Supreme Court opined that "an award of fees is required in any legal action where the insurer compels the insured to assume the burden of legal action, to obtain the full benefit of his insurance contract..." *Id.* at 53. In other words, the Washington Supreme Court held that an insured has the right to "recoup attorney fees that it incurs because an insurer refuses to defend or pay..." *Id.* at 52. Since the *Olympic Steamship* decision, Washington courts have consistently ruled that *Olympic Steamship* attorney's fees are not to be awarded unless an insurer wrongfully denies coverage and is unsuccessful in defending its denial during litigation.

COLE | WATHEN | LEID |  HALL, P.C.
303 Battery Street
Seattle, Washington  98121
(206) 622-0494/Fax (206) 587-2476

The Washington Supreme Court subsequently clarified that the entitlement to attorney fees under *Olympic Steamship* arises "only when an insurer wrongfully denies "coverage"..." *Greengo v. Pub. Employees Mut. Ins. Co.*, 135 Wn.2d 799, 959 P.2d 657 (1998), citing *Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133, 930 P.2d 288 (1997). Thus, an insured is entitled to attorney fees pursuant to *Olympic Steamship* only when an insurer unsuccessfully contests coverage. *See Panorama Village Condo. Ass'n. v. Allstate Insurance Co.*, 144 Wn.2d 130, 143, 26 P.3d 910 (2001). In *Wood v. Mutual of Enumclaw Ins. Co.*, 97 Wn. App. 721, 986 P.2d 833 (1999), the Court of Appeals ruled that "[b]ecause [the insured] was not <u>wrongfully denied</u> coverage, he was not entitled to an award of attorney fees. *Olympic S.S. Co.v. Centennial Ins. Co.*, 117 Wn.2d 37, 52-53, 811 P.2d 673 (1991)." *Id.* at 727 (emphasis added). *See also Axess International Ltd. v. Intercargo Ins. Co,* 107 Wn. App. 713, 30 P.3d 1 (2001) ("Fees are awarded under *Olympic Steamship* where the insurer unsuccessfully denies coverage..."); *Anderson v. State Farm Mutual Ins. Co.*, 101 Wn. App. 323, 2 P.3d 1029 (2000) ("State Farm did not deny the existence of coverage...[thus] an award of attorney fees under *Olympic Steamship* is not appropriate.").

On the other hand, when a "case presents a dispute over the value of the claim presented under the policy...[s]uch disputes are not properly governed by the rule in *Olympic Steamship*." *Dayton v. Farmers Insurance Group*, 124 Wn. 2d 277, 876 P.2d 896 (1994). *See also Gossett v. Farmers Ins. Co.*, 133 Wn. 2d 954, 948 P.2d 1264 (1997) ("*Olympic S.S. Co.* rule applies only to disputes over coverage, and not to disputes over the amount of a claim." *Id.* at 982-983.); *McRory v. Northern ins. Co.*, 138 Wn. 2d 550, 980 P.2d 736 (1999) ("We have declined to award fees under this [*Olympic Steamship*] exception where the case did not concern a coverage issue, but rather a dispute over the value of the claim after the insurer had

accepted coverage." *Id.* at 555.); *Farmers Ins. Co. v. Lautenbach*, 93 Wn. App. 671, 963 P.2d 965 (1998) (Farmers did not dispute their insured's coverage but only the amount due under such coverage, and such disputes do not entitle the insured to attorneys' fees.).

Claim disputes raise factual questions about the extent of the insured's damages. *Kroeger v. First Nat'l Ins. Co. of Am.,* 80 Wn. App. 207, 210, 908 P.2d 371 (1995), *review denied,* 129 Wn.2d 1002, 913 P.2d 66 (1996) (*relying on Dayton*, 124 Wn.2d at 281, a UIM coverage case); *Kraus v. Grange Ins. Ass'n*, 48 Wn. App. 883, 885-886, 740 P.2d 918 (1987). They involve factual questions of liability, injuries, and damages. *See Hartford Accident & Indem. Co. v. Novak*, 83 Wn.2d 576, 586, 520 P.2d 1368 (1974); *Cantwell v. Safeco Ins. Co.*, 37 Wn. App. 133, 136-37, 678 P.2d 852 (1984).

In *Dayton v. Farmers Insurance*, 124 Wn.2d 277, 876 P.2d 896 (1994), the Washington Supreme Court held that attorney fees under *Olympic Steamship* were not recoverable when the litigation was simply a dispute as to damages. In this regard, the Washington Supreme Court ruled:

> This case presents an entirely different set of circumstances. Coverage is not an issue; Farmers accepted coverage. Unlike the insured in *Olympic Steamship*, Mr. Dayton has not compelled Farmers to honor its commitment to provide coverage. Instead, this case presents a dispute over the value of the claim presented under the policy. **Such disputes are not properly governed by the rule in *Olympic Steamship***.

*Id.* at 280 (citations omitted, emphasis added).

As the cases above demonstrate, under Washington law, attorney's fees are not awarded except under very specific circumstances. Unless there is a wrongful denial of coverage, *Olympic Steamship* does not apply to the case and attorney fees are not warranted.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** – 13
K:\FILES\Lock v American Family 15284\MSJ (USDC) - Motion.doc

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington 98121
(206) 622-0494/Fax (206) 587-2476

There can be no dispute that here American Family accepted coverage and reasonably investigated Plaintiff's UIM claim. American Family covered months of medical treatment and then requested an IME. American Family determined that Plaintiff had a UIM claim due to the lack of insurance of the tortfeasor. American Family made reasonable offers to settle Ms. Lock's UIM claim based on the injuries revealed in her medical records, but Plaintiff disputed the value of her claim. Ex. M at 4.

This dispute over the value of Ms. Lock's claim for UIM benefits is not a coverage dispute. As coverage was never denied, there is no genuine issue of material fact, and Plaintiff is not entitled to *Olympic Steamship* fees as a matter of law. Therefore, summary judgment should be granted dismissing Plaintiff's claims for fees pursuant to *Olympic Steamship*.

**C. Plaintiff's Extra Contractual Claims are Not Supported by the Evidence and Should be Dismissed as a Matter of Law.**

**1. American Family's Conduct Does Not Constitute Bad Faith**

Insurer bad faith claims are analyzed applying the same principles as any other tort: duty, breach of that duty, and damages proximately caused by any breach of duty." *Mutual of Enumclaw Ins. Co. v. Dan Paulson Constr. Co.,* 161 Wn.2d 903, 916, 169 P.3d 1 (2007). The damages element requires that in every bad faith action, the insured must establish that it was harmed by the insurer's bad faith acts. *Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 389, 823 P.2d 499 (1992). (quoting *Smith v. Safeco Ins. Co.,* 150 Wash.2d 478, 485, 78 P.3d 1274 (2003)).

In order to establish bad faith, an insured is required to show not only that there was a breach, but that "the breach was unreasonable, frivolous, or unfounded." *Id.* (quoting *Kirk v.*

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington 98121
(206) 622-0494/Fax (206) 587-2476

1    *Mt. Airy Ins. Co.,* 134 Wash.2d 558, 560, 951 P.2d 1124 (1998))[4].  It has long been held by

2    Washington courts that there is no bad faith as long as the insurer has a reasonable basis for its

3    claims decision.  *Dombrosky v. Farmers Ins. Co.,* 84 Wn. App. 245, 982 P.2d 1127 (1996)*;*

4    *Miller,* 31 Wn. App. 475; *Transcontinental Ins. Co.*, 111 Wn.2d 452.

5        The Washington Supreme Court has confirmed that an insured has a heavy burden in

6    proving that an insurer acted unreasonably or in a frivolous or unfounded manner.  *Smith*, 150

7    Wn.2d at 486.  Further, the *Smith* Court stated that if an insurer acted reasonably during its

8    claims investigation, there is no bad faith "[i]f the insurer can point to a reasonable basis for its

9    action." *Id.*  This reasonable basis is significant evidence that it did not act in bad faith.

10       There can be no dispute that American Family accepted coverage and reasonably

11   investigated Plaintiff's UIM claim.  Again, American Family covered months of medical

12   expenses and then requested an IME.  American Family determined that Plaintiff had a UIM

13   claim due to the lack of insurance of the tortfeasor.  American Family made reasonable offers

14   to settle Ms. Lock's UIM claim based on the injuries revealed in her medical records, but

15   Plaintiff disputed the value of her claim.

16       Plaintiff's own medical providers, Dr. Chong's IME Report, and Dr. Johnson's records

17   review fully support American Family's position regarding the extent of Plaintiff's damages,

18   and its handling of Plaintiff's UIM claim.  *See* Exs. G, H, I, K, P**.**  Based on the above,

19

20   [4] See, also, *American States v. Symes of Silverdale*, 150 Wn.2d 462, 78 P.3d 1266 (2003); *Overton v.
     Consol. Ins. Co.*, 145 Wn.2d 417, 433, 38 P.3d 322 (2002); *Wolf v. League Gen. Ins. Co.*, 85 Wn. App
21   113, 122, 931 P.2d 184 (1997); *Miller v. Indiana Ins. Co.*, 31 Wn. App. 475 475, 642 P.2d 769 (1982);
     *Transcontinental Ins. Co. v Washington Pub. Utils. Dists' Utils. Sys.*, 111 Wn.2d 452, 760 P.2d 337
     (1988); *Salois v. Mutual of Omaha Ins. Co.*, 90 Wn.2d 355, 581 P.2d 1349(1978); *Tyler v. grange Ins.
22   Assoc.*, 3 Wn. App. 167, 473 P.2d 193 (1060); *Pruitt v. Alaska Pacific Assurance*, 28 Wn. App. 802,
     626 P.2d 528 (1981); *Felice v. St. Paul Fire and Marine Insurance Co*, 42 Wn. App. 352, 711 P.2d
23   1108 (1986); *Smith v. Ohio Casualty Insurance Co.*, 37 Wn. App 71, 678 P.2d 829 (1984); *Villella v.
     Pemco Insurance Co.*, 106 Wn.2d 806 725 P.2d 957 (1986); *Phil Schroeder v. Royal Globe Insurance
     Co.*, 99 Wn.2d 65, 659 P.2d 509 (1983).

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington  98121
(206) 622-0494/Fax (206) 587-2476

American Family acted reasonably and in good faith in its investigation and evaluation of Plaintiff's UIM claim. As such, there is no genuine issue of material fact, summary judgment is appropriate, and Plaintiff's bad faith claim should be dismissed as a matter of law.

**2.     Plaintiff's CPA Claim is Unsupported by the Evidence and Must be Dismissed**

In order to prove a CPA claim, Plaintiff must establish the five elements set out in *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 719 P.2d 531 (1986). A failure to establish <u>all five</u> elements of the *Hangman Ridge* test requires the court to dismiss the CPA claim. *Sign-O-Lite Signs v. DeLaurenti Florists*, 64 Wn. App. 553, 825 P.2d 714 (1992); *Van de Grift v. Skagit County*, 59 Wn. App. 545, 800 P.2d 375 (1990). The five *Hangman Ridge* elements are as follows:

1.      An unfair or deceptive act or practice;
2.      Occurring in trade or commerce;
3.      That impacts the public interest;
4.      Injury to his business or property; and
5.      The injury was proximately caused by the unfair or deceptive act

*Hangman Ridge,* 105 Wn.2d at 784-785.

The question of whether an act or practice is actionable under the CPA is a question of law. *Dombrosky,* 84 Wn. App. 245; *Blake v. Federal Way Cycle,* 40 Wn. App. 302, 309, 698 P.2d 578 (1985); *Keyes v. Bollinger,* 31 Wn. App. 286, 640 P.2d 1077 (1982).

An insured may establish a per se unfair trade practice under the CPA by demonstrating a violation of RCW 48.30.010 based on a violation of WAC 284-30-330. *See Industrial Indem. Co. of N.W., Inc. v. Kallevig*, 114 Wn.2d 907, 792 P.2d 520 (1990). However, even where it is found that an insurer made a technical violation of WAC 284.30 *et al.*, an insurer's reasonable conduct is a defense to a claim of unfair act or practice under the CPA. *Starczewski v. Unigard Ins. Co.*, 61 Wn. App. 267, 810 P.2d 58 (1991);

1  *Transcontinental*, 111 Wn.2d 452; *McLanahan v. Farmers Ins. Co. of Wash.*, 66 Wn. App. 36,

2  831 P.2d 160 (1992) (underline added).

3      Moreover, plaintiff has to show actual injury to business or property.  Washington

4  courts have held that emotional distress type injuries do not constitute damages under the

5  CPA.  *Physicians Ins. v. Fisons Corp.*, 122 Wn.2d 299, 858 P.2d 1054 (1993).  Also,

6  plaintiff's attorneys' fees in and of themselves do not constitute actual injury to business or

7  property.  *Sign-O-Lite Signs*, 64 Wn. App. 553.  Here, Plaintiff's discovery responses and

8  deposition testimony reveal no damages to business or property that have been caused by

9  American Family's actions.  *See*, Exs. M, R, and S at 35: 4-23; 38: 9-14.

10     As established *supra*, American Family's investigation and determinations were

11 reasonable and in good faith.  Plaintiff has identified no damages to her business or property

12 relating to American Family's handling of her claim.  There is thus no genuine issue of

13 material fact and Plaintiff's CPA claims should be dismissed as a matter of law.

**3.     Plaintiff's IFCA Claim Must be Dismissed for Failure to Comply
with the Statutory Notice Requirement.**

15     Failure to comply with IFCA's 20 day notice requirement mandates dismissal of an

16 IFCA claim.  RCW 48.30.015(8)(a) ("Twenty days prior to filing an action based on this

17 section, a first party claimant must provide written notice of the basis for the cause of action to

18 the insurer and office of the insurance commissioner."); *MKB Constructors v. Am. Zurich Ins.*

19 *Co.*, 49 F. Supp. 3d 814, 840 (2014) (IFCA's pre-suit notice provision is a mandatory condition

20 precedent to an IFCA lawsuit); *see also Polygon Nw. Co. v. Nat'l Fire & Marine Ins. Co.*, No.

21 C11-92Z, 2011 U.S. Dist. LEXIS 56408, 2011 WL 2020749, at *2, n.3 (W.D. Wash. May 24,

22 2011) (dismissing IFCA claim, as an alternative holding, where the plaintiff failed to wait 20

23 days after giving notice before suing).

COLE | WATHEN | LEID |  HALL, P.C.
303 Battery Street
Seattle, Washington  98121
(206) 622-0494/Fax (206) 587-2476

Plaintiff filed her IFCA notice with the Office of the Insurance Commissioner on November 23, 2015, and filed her amended complaint on November 30, 2015. Exs. N, O, and Dkt. 1-3. There is no issue of material fact as to the failure to comply with IFCA's twenty-day notice requirement. This violation of IFCA's mandatory 20-day notice provision warrants dismissal of Plaintiff's IFCA Claims as a matter of law.

### 4. Plaintiff's Alleged IFCA Violations are Not Supported by the Evidence

The Insurance Fair Conduct Act (IFCA), RCW 48.30.015, defines, and provides remedies for, an insurer's unreasonable denial of a claim for coverage by its insured. A claimant is permitted to bring an action in Superior Court to recover damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs. RCW 48.30.015(1). If the court finds that the insurer has either acted unreasonably, or violated a rule pursuant to the statute, it will award reasonable fees and litigation costs and it may elect to award up to treble the amount of damages claimed. *Id*. at (2), (3).

A Washington Federal Court has held no IFCA violation when there is a value dispute, as it the case here. The Honorable Ricardo S. Martinez held that an insurer did not unreasonably deny payment of benefits, but instead reasonably disputed the amount, when it refused to tender policy limits on an uninsured motorist claim. *Country Preferred Ins. Co. v. Hurless*, 2012 U.S. Dist. LEXIS 86334, 2012 WL 2367073 (W.D. Wash. June 21, 2012). In the *Hurless* case, the insurer paid the insured's PIP claim, but refused to tender the UIM policy limits. The case went before an arbitrator whose award to Mr. Hurless was well in excess of his UIM policy limits. The Court found that on the facts presented, the 15 month period between the accident and payment, a delay motivated by a reasonable dispute as to the amount of the wage loss claim, does not constitute a denial of payment of benefits so as to trigger the IFCA.

COLE | WATHEN | LEID | HALL, P.C.
303 Battery Street
Seattle, Washington 98121
(206) 622-0494/Fax (206) 587-2476

1  *Id.* at 18.  The Court in *Hurless* held that the refusal to pay the benefits did not constitute a

2  denial of benefits, but was a dispute regarding the amount payable under the policy.

3  In the case at bar, American Family accepted coverage at the time the Plaintiff's UIM

4  claim was submitted.  Further, American Family made multiple offers to settle the UIM claim.

5  Accordingly, Plaintiff has not met the first element of an IFCA claim – an unreasonable denial.

6  Plaintiff's IFCA claim should therefore be dismissed as a matter of law.

7  Additionally, actual damage proximately caused by the conduct of the defendant is an

8  element of a claim under IFCA.  Plaintiff can show no damages proximately caused by an

9  alleged action or inaction of American Family.  *See*, Exs. M, R, and S at 35: 4-23; 38: 9-14.

10  Accordingly, it is respectfully submitted to the Court that Plaintiff's IFCA claim is unsupported

11  by the evidence must be dismissed as a matter of law.

12  As established *supra*, American Family's investigation of her UIM claims was

13  reasonable and in good faith.  As such, there is no genuine issue of material fact, and all of

14  Plaintiff's extra-contractual claims should be dismissed as a matter of law.

15  **5.**    **Plaintiff Cannot Establish Any Damages Relating to her UIM Claim**

16  Damages are a necessary element of each of Plaintiff's extra-contractual claims.

17  *Mutual of Enumclaw Ins. Co.,* 161 Wn.2d at 916.  However, Plaintiff has identified no

18  damages predicated on American Family's dispute over the value of her claim.

19  Ms. Lock was unable to identify what damages she has suffered as a result of American

20  Family's alleged conduct, even after being compelled by the Court to provide such damages,

21  because there are none.  Ex. R, S at 35: 4-23; 38: 9-14.  American Family reasonably relied on

22  Dr. Chong's IME report to cease PIP benefits, and Ms. Lock was aware of the same.  Ex. J.

23  Plaintiff reported to her doctors that she was recovered at the time of her IME, and had ceased

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** – 19
K:\FILES\Lock v American Family  15284\MSJ (USDC) - Motion.doc

COLE | WATHEN | LEID |  HALL, P.C.
303 Battery Street
Seattle, Washington  98121
(206) 622-0494/Fax (206) 587-2476

treatment related to the MVA. Plaintiff has failed to provide any basis for any alleged damages based on American Family's conduct.

Ms. Lock has no damages attributable to any alleged bad faith acts. Ms. Lock's extra-contractual claims fail on the basis of damages because American Family's ceased PIP payments based on Dr. Chong's IME report (and her own reporting to her treating physicians), and settlement of her UIM claim comprised a legitimate value dispute. *See* Exs. G, H, I, K, P (medical records, IME, and records review); and Ex M at 4 (Plaintiff's discovery responses discussing settlement offers).

Plaintiff simply cannot establish she has suffered any damages as a result of American Family's alleged conduct, and thus cannot raise a genuine issue of material fact that would allow her to prevail on any extra-contractual claim. As such, Ms. Lock's extra-contractual claims fail as a matter of law and must be dismissed.

## VII.  CONCLUSION

For the reasons set forth above, the Court should grant American Family's motion for summary judgment in its entirety. American Family never denied coverage of Plaintiff's UIM claim; rather a dispute arose over the value of her claim. As such, Plaintiff is not entitled to *Olympic Steamship* fees.

Moreover, Plaintiff cannot meet her burden for establishing her extra contractual claims. American Family's investigation and adjustment of Plaintiff's claim was reasonable and in good faith at all times, which is a complete defense to any extra-contractual claims. Further, Plaintiff has wholly failed to identify any damages relating to her extra contractual claims. Therefore, Plaintiffs' extra-contractual claims should be dismissed with prejudice.

A proposed Order is submitted herewith.

COLE | WATHEN | LEID |  HALL, P.C.
303 Battery Street
Seattle, Washington  98121
(206) 622-0494/Fax (206) 587-2476

DATED this 22nd day of September, 2016.

COLE | WATHEN | LEID | HALL, P.C.

*/s/ Christopher J. Roslaniec*
Christopher J. Roslaniec, WSBA #40568
Rory W. Leid, III, WSBA #25075
Attorneys for Defendant
303 Battery Street, Seattle, WA 98121
Tel: (206) 622-0494 | Fax: (206)587-2476
rleid@cwlhlaw.com; croslaniec@cwlhlaw.com

## CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

On the date given below, I hereby certify that I caused the foregoing to be filed using the United States District Court for Western District of Washington – Document Filing System (CM/ECF) and a true and correct copy to be served on the following parties in the manner indicated:

| **Attorney for Plaintiff:**<br>Vonda M. Sargent, WSBA #24552<br>Vonda M. Sargent PS<br>119 1st Ave S. STE 500<br>Seattle, WA 98104<br>206-638-4970<br>sisterlaw@me.com | [x]  Via CM/ECF |
| --- | --- |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 22ND day of September, 2016, at Seattle, Washington.

*/s/ Rose Behbahani*
Rose Behbahani, Legal Assistant
303 Battery Street
Seattle, WA 98121
206-622-0494
rbehbahani@cwlhlaw.com

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** – 21
K:\FILES\Lock v American Family  15284\MSJ (USDC) - Motion.doc

COLE | WATHEN | LEID |  HALL, P.C.
303 Battery Street
Seattle, Washington  98121
(206) 622-0494/Fax (206) 587-2476